Brian T. Dunn, State Bar No. 176502
Edward M. Lyman III, State Bar No. 248264
**The Cochran Firm California**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimiles: (323) 282-5280
E-mail: bdunn@cochranfirm.com
E-mail: elyman@cochranfirm.com

*Attorneys for all Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA, an individual; GREG GARCIA, an individual; JUAN C. GARCIA SR., an individual; JUAN C. GARCIA JR., an individual; GILBERT RIOS, an individual; and MARISOL GARCIA, an individual,<br><br>              Plaintiffs,<br><br>       v.<br><br>CITY OF PASADENA, a municipal entity, CITY OF GLENDALE, a municipal entity, and DOES 1 through 10, inclusive,<br><br>              Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1.  42 U.S.C. §1983<br>    *Unreasonable Search and Seizure*<br><br>2.  False Arrest and Imprisonment<br><br>3.  Negligence<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## JURISDICTION AND VENUE

1.    Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.    Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

***Plaintiffs***

3.    Plaintiff JOSE GARCIA is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

4.    Plaintiff GREG GARCIA is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

5.    Plaintiff JUAN C. GARCIA SR. is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

6.    Plaintiff JUAN C. GARCIA JR. is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

7.    Plaintiff GILBERT RIOS is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

8.    Plaintiff MARISOL GARCIA is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

***Defendant City of Pasadena, Pasadena Police Department, and Does 1-5***

9.    Defendant CITY OF PASADENA is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.  On or around September 14, 2020, a timely Claim for Damages was submitted to the Defendant CITY OF PASADENA, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim has been denied.

10.    Plaintiffs are unaware of the true names and capacities of those Defendants

named herein as DOE Defendants DOES 1-5.  Plaintiffs are informed and believe DOES 1-5 at all material times were employed by the Defendant CITY OF PASADENA and working within the course and scope of their employment with the CITY OF PASADENA and the Pasadena Police Department.  Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.  Plaintiffs are informed, believe, and thereon allege that DOES 1-5 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of DOES 1-5 proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

## *Defendant City of Glendale, Glendale Police Department, and Does 6-10*

11.     Defendant CITY OF GLENDALE is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.  On or around September 14, 2020, a timely Claim for Damages was submitted to the Defendant CITY OF GLENDALE, in substantial compliance with California Government Code § 910, et seq.  At the time of the filing of this Complaint, said Claim has been denied.

12.     Defendant CITY OF PASADENA is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.  On or around September 14, 2020, a timely Claim for Damages was submitted to the Defendant CITY OF PASADENA, in substantial compliance with California Government Code § 910, et seq.  At the time of the filing of this Complaint, said Claim has been denied.

13.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants DOES 6-10.  Plaintiffs are informed and believe DOES 6-10 at all material times were employed by the Defendant CITY OF GLENDALE and working within the course and scope of their employment with the CITY OF GLENDALE and the Glendale Police Department.  Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.  Plaintiffs are informed, believe, and thereon allege that DOES 6-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of DOES 6-10 proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

14.     Each of the individual DOE Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

15.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

16.     This Complaint arises civil rights violations and associated physical injuries occasioned by the involved officers' illegal and unconstitutional warrantless entry into the Plaintiffs' residence, which occurred without the consent of the Plaintiff family, and involved no exigent circumstances. Specifically, on or around Thursday, July 21, 2020,

between the approximate hours of 5:40 a.m. and 8:00 a.m., in or around a residential property located at 1314 East Harvard Boulevard in the City of Glendale and State of California, heretofore unknown Defendant DOE Officers DOES 1-5, while acting under color of law and in the course and scope of their employment with the Defendant CITY OF PASADENA and the Pasadena Police Department, and DOES 6-10, while acting under color of law and in the course and scope of their employment with the Defendant CITY OF GLENDALE and the Glendale Police Department (collectively hereinafter "Defendants") executed a warrantless search on the Plaintiffs' residence.

17.    Present at the home during this execution of this unlawful entry were Plaintiffs JOSE GARCIA, GREG GARCIA, JUAN C. GARCIA SR., JUAN C. GARCIA JR., GILBERT RIOS, and MARISOL GARCIA, (collectively "Plaintiffs"). During the execution of this unlawful entry, multiple Defendant DOE Officers armed with firearms, assault rifles and shotguns, violently gained entry into the residence without issuing warnings that were reasonably calculated to put Plaintiffs on notice as to the reasons for their presence at their home. In gaining entry as described herein, multiple Defendant DOE Officers violently confronted Plaintiffs, without having probable cause or reasonable suspicion to believe that Plaintiffs had committed any crime, or would commit a crime in the future. When the Defendant DOE Officers made contact with Plaintiffs as described herein, Plaintiffs were not armed with any kind of weapons, and did not appear to be armed.

18.    During the course of the unlawful detention of Plaintiffs, the Defendant DOE Officers violently confronted Plaintiffs, pointed their department-issued firearms at Plaintiffs, and, without warning, proceeded to subject Plaintiffs to unreasonable and excessive force by acts which included, but were not limited to, employing excessive and unreasonable restraints against Plaintiffs, who acted passively during the subject incident and in a manner that did not give the appearance of posing a reasonable threat of violence to any law enforcement officer. Following the incident, the involved officers denied medical care to Plaintiffs in a manner that demonstrated deliberate indifference to

their constitutional rights. At no time during the course of these events did Plaintiffs pose any reasonable or credible threat of violence to the involved officers, nor did they do anything to justify the force used against them, and the same was excessive, unnecessary, and unlawful. Plaintiffs suffered mental injuries as a direct and proximate result of the incident.

19.     Both prior to and during the time in which they were being assaulted and battered and subjected to the use of unreasonable and excessive force by the Defendant DOE Officers, Plaintiffs were not armed and posed no risk of violence to Defendant DOE Officers, nor to any other person. Both prior to and during the time in which they were being assaulted and battered and subjected to the use of unreasonable and excessive force, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that they were armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

20.     After the incident described above, Plaintiffs were falsely arrested and imprisoned by heretofore unknown Defendant DOE Officers and/or employees and/or agents of the Defendants, who unlawfully detained and falsely imprisoned Plaintiffs.

### FIRST CAUSE OF ACTION

*By all Plaintiffs against all Defendants and Does 1-10*

*Violations of Civil Rights*

*42 U.S.C § 1983, Unreasonable Search and Seizure*

21.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

22.     This cause of action is to redress the deprivation, under color of statue, ordinance, regulation, privileges, and immunities secured to Plaintiffs by the Fourth Amendment to the United States Constitution.

23.     Plaintiffs are informed, believe, and hereon allege that at all times mentioned herein, the Defendant CITY OF PASADENA employed the unknown Defendant DOE

Officers, DOES 1-5.  The Defendant CITY OF PASADENA provided its individual employees and agents, including Defendant DOES 1-5, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY OF PASADENA's Pasadena Police Department.

24.     Plaintiffs are informed, believe, and hereon allege that at all times mentioned herein, the Defendant CITY OF GLENDALE employed the unknown Defendant DOE Officers, DOES 6-10.  The Defendant CITY OF GLENDALE provided its individual employees and agents, including Defendant DOES 6-10, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY OF GLENDALE's Glendale Police Department.

25.     At all times relevant to the acts and omissions herein alleged, the Defendant DOE Officers were acting under color of state law and in the course and scope of their employment.

26.     Between the approximate hours of 5:40 a.m. and 8:00 a.m., in or around a residential property located at 1314 East Harvard Boulevard in the City of Glendale, County of Los Angeles, and the State of California, heretofore unknown Defendant DOE Officers, DOES 1-5, while acting under color of law and in the course and scope of their employment with the Defendant CITY OF PASADENA's Pasadena Police Department, and DOES 6-10 while acting under color of law and in the course and scope of their employment with the Defendant CITY OF GLENDALE's Glendale Police Department, executed a warrantless search (DOES 1-10 are collectively referred to hereinafter as "DOE Officers").  Upon gaining entry, Defendant DOE Officers violently confronted Plaintiffs, without having probable cause or reasonable suspicion to believe that Plaintiffs had committed a crime, or would commit a crime in the future. Throughout the subject incident, Plaintiffs were not armed and did not appear to be armed.

27.     During the course of the unlawful detention of Plaintiffs, the Defendant DOE Officers violently confronted Plaintiffs, pointed their department-issued firearms at Plaintiffs, and, without warning, proceeded to subject Plaintiffs to unreasonable and

excessive force by employing excessive and unreasonable restraints against Plaintiffs, who acted passively and in a manner that did not give the appearance of posing a reasonable threat of violence. Following the incident, the involved officers denied medical care to Plaintiffs in a manner that demonstrated deliberate indifference to their constitutional rights. At no time during the course of these events did Plaintiffs pose any reasonable or credible threat of violence to the Defendant DOE Officers who assaulted and battered them and subjected them to the use of unreasonable and excessive force, nor did they do anything to justify the force used against them, and the same was excessive, unnecessary, and unlawful. Plaintiffs suffered mental injuries as a direct and proximate result of the incident.

28.    Both prior to and during the time in which they were being subjected to the use of unreasonable and excessive force by the Defendant DOE Officers, Plaintiffs were not armed, did not appear to be armed, and posed no risk of violence to Defendant DOE Officers, nor to any other person. Both prior to and during the time in which they were being assaulted and battered and subjected to the use of unreasonable and excessive force by Defendant DOE Officers, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that they were armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which they were being assaulted and battered and subjected to the use of unreasonable and excessive force by Defendant DOE Officers, Plaintiffs were not fleeing or attempting to flee from Defendant DOE Officers, had not committed any crime, were not lawfully detained, were handcuffed, and were not engaging in any actions which would have led a reasonable police officer to believe that they posed a risk of violence to any person.

29.    At all times mentioned herein, Defendant DOE Officers acted under color and pretense of law, and under color of the statues, ordinances, regulations, policies, practices, customs, and/or usages of the State of California, Defendant City of Pasadena, and Defendant City of Glendale.  Defendant DOE Officers deprived Plaintiffs of the

rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of their person.

30.    As a direct and proximate result of the aforementioned wrongful, intentional, and malicious acts and omissions of Defendant DOE Officers, Plaintiffs were placed in great fear for their lives and physical well-being, and have suffered and continue to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to their damage in a sum to be determined at trial. As a further proximate result of Defendant DOE Officers wrongful, intentional, and malicious acts and omissions, Plaintiffs have been required to employ, and did in fact employ physicians to examine, treat, and care for them, and have incurred and continues to incur expenses for emergent medical services and other medical treatment and care in an amount according to proof at trial.

31.    The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiffs to punitive and exemplary damages in an amount to be proven at the trial of this matter.

32.    Plaintiffs are entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C § 1988.

## SECOND CAUSE OF ACTION

### By all Plaintiffs against all Defendants and Does 1-10

### False Arrest and Imprisonment

### Cal. Government Code §§ 815.2(a), 820(a)

33.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

34.    All claims asserted herein against the Defendants are presented pursuant to

the Defendants' vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(2) and 820(a).

35.    As described in the foregoing paragraphs of this Complaint, Immediately after Defendant DOE Officers violently confronted Plaintiffs as described in this Complaint, heretofore unknown named police officers and/or other employees and/or agents of the Defendants, including DOES 1 through 10, falsely arrested and imprisoned Plaintiffs by acts which included, but were not limited to, arresting Plaintiffs without legal justification and detaining Plaintiffs in a custodial setting for an unreasonable length of time. During this unreasonable detention, Plaintiffs were not allowed to leave the premises and were not told that they were free to leave the premises.

36.    The above-described acts of the individual police officers and/or other employees and/or agents of the Defendants who falsely arrested and imprisoned Plaintiffs, including DOES 1 through 10, were outrageous, intentional, and malicious, and caused Plaintiffs to suffer injury, humiliation, mental anguish, and emotional and physical distress.

37.    Plaintiffs are informed, believe, and thereupon allege that in falsely arresting and imprisoning them, as described in the foregoing paragraphs of this Complaint, the heretofore unknown named police officers and/or other employees and/or agents of the Defendants including DOES 1 through 10, acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs of their protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the heretofore unknown named police officers and/or other employees and/or agents of the Defendants, including DOES 1 through 10, in an amount to be proven at the trial of this matter.

38.    As a proximate result of the above-described conduct of the Defendants, and

each of them, Plaintiffs suffered extreme pain and severe mental anguish, as well as mental and physical damage to their minds and bodies, and incurred medical expenses in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

***By all Plaintiffs against all Defendants and Does 1-10***

***Negligence***

39.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

40.     All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

41.     Plaintiffs are informed, believe, and thereon allege that on and before July 21, 2020, the Defendant DOE Officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in stopping, detaining, and/or arresting unarmed, non-dangerous civilians and suspects. Notwithstanding each of these duties, the Defendant DOE Officers failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to de-escalate the situation involving Plaintiffs, negligently employing a tactical response to the situation involving Plaintiffs that resulted in unnecessary and preventable injuries to Plaintiffs, negligently inflicting physical injuries upon Plaintiffs, and negligently employing force against Plaintiffs when the same was unreasonable, unnecessary, and unlawful. All of these negligent acts proximately caused Plaintiffs' injuries.

42.     As a direct and proximate result of the negligent acts and omissions of the Defendant DOE Officers, and each of them, Plaintiffs were placed in great fear for their

physical well being, and have suffered and continues to suffer from severe emotional distress, as well as mental and physical pain and injury, all to their damage in a sum to be determined at trial.  As a further direct and proximate result of the negligent acts and omissions of the Defendant DOE Officers, and each of them, Plaintiffs suffered physical injuries.

43.     As a direct and proximate result of the above-described conduct of Defendant DOE Officers, Plaintiffs have sustained substantial economic and non-economic damages resulting in an amount according to proof at trial.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

1.     For general and special damages in an amount according to proof at trial;

2.     For medical and related expenses according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

5.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.     For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demands that a jury be impaneled for the trial of this matter.

DATED: May 4, 2021                    Respectfully submitted,

                                      **THE COCHRAN FIRM CALIFORNIA**


                              By:     /s/ Edward M. Lyman
                                      _____

                                      BRIAN T. DUNN
                                      EDWARD M. LYMAN
                                      Attorneys for all Plaintiffs